**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JIAHERB, INC., <br><br>               *Plaintiff*, <br> v. <br><br> MTC INDUSTRIES, INC. <br><br>               *Defendant*. | Civil No. 2:18-cv-15532 (KSH) (CLW) <br><br><br> **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

**I.      Introduction**

This matter comes before the Court on the motion (DE 50) of plaintiff Jiaherb, Inc. ("Jiaherb") for reconsideration of the Court's order (DE 42) granting the motion filed by defendant MTC Industries, Inc. ("MTC") to dismiss count one of the complaint (DE 1), which alleged violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). In the alternative, Jiaherb seeks leave to amend its complaint to incorporate additional factual allegations regarding the competitive nature of its relationship with MTC. For the reasons set forth below, the Court grants Jiaherb's motion to amend the complaint, and, accordingly, denies its motion for reconsideration as moot.

## II. <u>Background</u>

The relevant factual allegations and procedural history of this matter detailed in the Court's September 30, 2019 opinion (DE 41). Briefly, Jiaherb, an herbal extract manufacturer, alleges that MTC, a nutritional ingredient supplier, adulterated its saw palmetto product by diluting it with vegetable oils, omitted this fact from its advertisements, and as a result, misled Jiaherb into purchasing an impure product. (DE 1 ("Compl.") ¶¶ 13-14; 31-42.) Jiaherb alleges that it suffered lost profits and damage to its goodwill. (*Id.* ¶¶ 45-46, 79.)

## III. <u>Standard of Review</u>

Federal Rule of Civil Procedure 15(a)(2) "requires that leave to amend the pleadings be granted freely 'when justice so requires.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting Fed. R. Civ. Pro. 15(a)). As such, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Id.* (internal quotations, citations, and emphasis omitted).

"The standard for assessing futility is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)). To survive dismissal, "a complaint must contain

sufficient factual matter, accepted as true" to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that permits the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## IV. Discussion

Jiaherb requests leave to amend its complaint and clarify its competitive relationship with MTC, which it contends creates standing. As evidenced in the proposed amended complaint, Jiaherb alleges that they are "both suppliers and distributors of nutritional ingredients and, as a result, direct competitors." (DE 50-6 ("Amend. Compl.") ¶¶ 11, 90; DE 50 ("Moving Brief"), at 12.) Jiaherb further alleges that the two companies sell many of the same ingredients and explains that it is not uncommon for businesses to purchase rare ingredients, like saw palmetto, from competitors given the limited supply. (Moving Brief, at 13-14; Amend Compl. ¶¶ 48,92.) Jiaherb also highlights MTC's submissions with respect to certain discovery disputes, which they state "underscore the competitive nature of the parties' relationship," and contends that "there would be no need for Defendant to be concerned with Jiaherb 'soliciting [its] customers with lower prices' unless Defendant itself recognizes, and treats, Jiaherb as a competitor." *(*Moving Brief at 13-14; *see also* Amend. Compl. ¶¶ 50-53, 93.)

In response, MTC contends that Jiaherb's request to amend its complaint should be denied because it would be futile, noting that the injury alleged by Jiaherb "does not stem" from its false advertisements, but rather, is the "harm of a deceived consumer." (DE 53 ("Opposition Brief"), at 10.) MTC therefore contends that "Jiaherb and MTC are purchaser and supplier, not competitors." (*Id.*)  MTC further argues that Jiaherb fails to satisfy the proximate cause requirement because Jiaherb has not alleged that any consumers, aside from Jiaherb itself, were deceived into purchasing saw palmetto or caused to withhold trade." (*Id.* at 11.)

Although MTC accurately describes the relationship as alleged initially, the Court finds that in the amended complaint, Jiaherb has made the necessary showing to survive a motion to dismiss because, taking the alleged facts in the best light, the two companies were in competition and Jiaherb has alleged harm to its commercial interest related to that relationship. Jiaherb purchased saw palmetto from MTC and was unable to sell it; however, it now alleges facts supporting a context beyond purchaser and supplier. Thus, the harm it suffered—lost profits and good will—which came about as a result of MTC's alleged false advertising, plausibly may have diminished Jiaherb's competitive standing in the marketplace. Taking these allegations as true, the Court finds that amending the complaint is not futile.

In its previous opinion, the Court invited an amendment that might salvage Jiaherb's claim. Insofar as Jiaherb plausibly alleges facts that indicate a competitor

4

relationship exists between the parties, it has addressed the reasons for dismissal, mooting the reconsideration motion.

## V. Conclusion

For the foregoing reasons, the Court grants Jiaherb's motion to amend the complaint and denies its reconsideration motion as moot. An appropriate order will follow.

Date: August 26, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.